UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DALBY,<br><br>    Petitioner,<br><br>    v.<br><br>RALPH M. DIAZ,<br><br>    Respondent. | No. 2: 13-cv-1169 TLN KJN P<br><br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss or to stay the petition. (ECF No. 42.) Petitioner has not opposed this motion. For the reasons discussed herein, the undersigned recommends that this action be stayed.

On April 12, 2002, in Yolo County Superior Court, petitioner was convicted of sixteen counts of aggravated sexual assault of a child under the age of fourteen, one count of oral copulation of a child under the age of fourteen and one count of failure to appear on a felony charge while released on bail. (Respondent's Lodged Document 1.) On August 6, 2002, petitioner was sentenced to an indeterminate prison term of 240 years to life plus a determinate sentence of six years eight months. (Id.)

Petitioner appealed his conviction. On November 2, 2004, the California Court of Appeal vacated the sentences as to counts 1 to 3, 9 to 20, and 22. (Respondent's Lodged Document 2 at

p. 32.) The cause was remanded to the trial court to exercise its discretion under California Penal Code § 669 to sentence petitioner either consecutively or concurrently on those counts. (Id.) The judgment was affirmed in all other respects. (Id.)

Petitioner and the People of the State of California sought review in the California Supreme Court. (Respondent's Lodged Document 3.) On February 16, 2005, the California Supreme Court granted the petitions for review. (Respondent's Lodged Document 4.) The California Supreme Court deferred further action pending consideration and disposition of a related issue in People v. Black and People v. Towne. (Id.) On September 7, 2005, review was dismissed in light of the decision in People v. Black, 35 Cal.4th 1238 (2005). (Id.)

On March 28, 2013, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Respondent's Lodged Document 5.) On May 15, 2013, the California Supreme Court denied this petition. (Respondent's Lodged Document 6.)

Petitioner filed the instant action on June 5, 2013. (ECF No. 1.) On December 16, 2013, respondent filed a motion to dismiss or stay. (ECF No. 18.) In this motion, respondent informed the court that a re-sentencing hearing was scheduled in this case in the Yolo County Superior Court on January 31, 2014. (Id.) That hearing, required by the remand order issued by the California Court of Appeal on November 2, 2004, had been overlooked in the Yolo County Superior Court until respondent's counsel made an inquiry in this action. (Id.)

On June 11, 2014, the undersigned ordered respondent to file either supplemental briefing or an amended motion to stay. (ECF No. 22.) On June 20, 2014, respondent filed supplemental briefing. (ECF No. 23.) In the supplemental briefing, respondent informed the court that the superior court hearing scheduled for January 31, 2014, was rescheduled three times, most recently to July 25, 2014. (Id.)

On July 28, 2014, the undersigned dismissed respondent's motion to dismiss without prejudice. (ECF No. 24.) In this order, the undersigned directed petitioner to file a status report within sixty days informing the court of the status of his re-sentencing in the Yolo County Superior Court. (Id.) If re-sentencing had occurred, petitioner was directed to inform the court whether he intended to rely on his original petition filed June 5, 2013, or request leave to file an

amended petition. (Id.) Petitioner was also directed to state whether he would request a stay of this action pending exhaustion of state court remedies on any new claim(s). (Id.)

On August 25, 2014, petitioner filed a status report in response to the July 28, 2014 order. (ECF No. 25.) Petitioner informed the court that the state court hearing had not yet been convened nor petitioner informed of a future date. (Id.)

On August 21, 2014, this action was stayed because of the pending state court proceedings. (ECF No. 26.) The August 21, 2014 ordered stated that within fourteen days of petitioner's re-sentencing, petitioner and respondent were directed to file separate statements informing the court of the date and outcome of the state court proceedings. (Id.) Petitioner was also directed to inform the court how he wished to proceed with the instant federal action. (Id.)

On February 27, 2015, respondent filed a status report stating that petitioner was re-sentenced on January 9, 2015. (ECF No. 34.) Respondent stated that petitioner was re-sentenced to the same original sentence, i.e., an indeterminate state prison term of 240 years to life, plus a determinate state prison term of six years and eight months. (Id.)

On March 23, 2017, the undersigned lifted the stay in this action. (ECF No. 35.) The undersigned also ordered petitioner to inform the court how he wished to proceed and, in particular, whether he intended to proceed on the original petition or file an amended petition. (Id.)

On April 6, 2017, petitioner informed the court that he wished to proceed with this case. (ECF No. 36.) On April 13, 2017, the undersigned issued an order construing petitioner's April 6, 2017 pleading as a request to proceed on the original petition. (ECF No. 37.) In that order, the undersigned directed respondent to file a response to the petition within sixty days. (Id.)

In response to the April 6, 2017 order, respondent filed the pending motion to dismiss or to stay the petition. (ECF No. 42.) In this motion, respondent states that petitioner's second claim challenges the length of his state prison sentence as cruel and unusual punishment. (See ECF No. 1 at 4, 11.) Respondent states that although petitioner has since been re-sentenced, he currently has an appeal pending in the California Court of Appeal. (See Respondent's Lodged Documents 8, 9.) Respondent argues that given that petitioner's sentencing claim may be

3

affected by the state court's resolution of the appeal, this court should abstain from evaluating petitioner's sentence at this time.

The undersigned agrees that petitioner's sentencing claim raised in the instant action may be affected by the state court's resolution of the pending appeal. Rather than dismissing this action, it is appropriate for this court to abstain until the state court rules on petitioner's pending appeal. See Younger v. Harris, 401 U.S. 37 (1971); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-14 (1976). Accordingly, respondent's motion to stay should be granted.

The undersigned further recommends that within fourteen days after petitioner's appeal is concluded, petitioner and respondent be ordered to file and serve separate statements informing this court of the date and the outcome of the state court proceedings. So that this case does not fall through the cracks, the undersigned also recommends that the parties be ordered to file and serve separate statements, every ninety days commencing with the filing date of order adopting these findings and recommendations, informing the court of the ongoing status of the state court proceedings.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to stay (ECF No. 42) be granted;

2. The parties be ordered to file and serve separate statements, within fourteen days after petitioner's appeal is concluded, informing the court of the date and the outcome of the state court proceedings;

3. The parties be ordered to file and serve separate statements, every ninety days, commencing with the filing date of the order adopting these findings and recommendations, informing the court of the ongoing status of the state court proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that

failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 28, 2017

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dal1169.sta