UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DALBY,<br><br>            Petitioner,<br><br>      v.<br><br>RALPH DIAZ,<br><br>            Respondent. | No.  2:13-cv-1169 TLN KJN P<br><br>FINDINGS & RECOMMENDATIONS |

**BRIEF BACKGROUND AND RELEVANT INFORMATION**

Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (See ECF No. 1.) Petitioner challenges his 2002 convictions for three counts of sodomy (Cal. Pen. Code, § 269(a)(3) [victim A]), eleven counts of rape (Cal. Pen. Code, § 269(a)(4) [victim C]), one count of oral copulation by force (Cal. Pen. Code, § 269(a)(4) [victim S]), one count of oral copulation (Cal. Pen. Code, § 288a(c)(1) [victim D]), continuous sexual abuse of victims A, C and S (Cal. Pen. Code, § 288.5(a)), and failure to appear (Cal. Pen. Code, 1320.5). (See LD 1.)   Following a remand for resentencing after appeal to the California Court of Appeal, Third Appellate District (LD 2), ultimately, petitioner was again sentenced to a total of 240 years-to-life, plus a determinate term of six years and eight months in state prison. (LD 7.)

////

As the court commenced to address petitioner's claims presented in the habeas petition, it had occasion to consult the California Department of Corrections and Rehabilitation's website, and in particular, its Inmate Locator function. Using petitioner's inmate identification number (reflected in his petition as T-63855) the court conducted a search; no results were found. Using petitioner's full name, a second search was conducted; again, no results were found. Given the length of petitioner's sentence, it is highly unlikely petitioner was released from custody, even in light of the current pandemic. Because custody is required for an action of this type to proceed, the court continued its research.

Using Westlaw, the court undertook a Public Records search of California state death records, using petitioner's full name, to wit: William Michael Dalby. The search results indicate that a William Michael Dalby, with a birthdate in February 1948,[1] died on May 9, 2019, in Vacaville, California, at the California Medical Facility. The source reflected on the Westlaw search result is the "California Department of Public Health, Center for Health Statistics."

## DISCUSSION

In a state prisoner's federal habeas action, the underlying "controversy" is whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." Calderon v. Ashmus, 523 U.S. 740, 746 (1998). As this court has previously held:

> Federal courts have jurisdiction to hear cases and controversies. U.S. CONST. art. III, § 2. An actual controversy must exist between the parties throughout all stages of the proceeding. Alvarez v. Smith, ___ U.S. ___, 130 S. Ct. 576, 580, 175 L.Ed.2d 447 (2009). An action becomes moot when the issues "are no longer 'live,'" i.e., when the "parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). I[n] these habeas proceedings the relief sought, i.e., petitioner's immediate release from custody, is unique to the petitioner himself and cannot be transferred. "In other words, the claims [are] extinguished upon [a] petitioner's death and no party can be substituted for him." Pennewell v. Carey, No. 2:06–cv0598 JKS EFB, 2008 WL 1860166, at *1 (E.D.Cal. Apr.23, 2008) (citing Fed.R.Civ.P. 25(a)). "Because petitioner's death renders this case moot, the petition for writ of habeas corpus should be dismissed as moot." Garceau v. Woodford, 399 F.3d 1101 (9th Cir.2005). See also Dove v. United States, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531

---

[1] The record lodged with this court on August 9, 2018, includes reference to petitioner's birthdate of February 19, 1948. (See LD 11 at 305, 308.)

(1976) (dismissing a certiorari petition because petitioner had died); Griffey v. Lindsey, 349 F.3d 1157 (9th Cir.2003) (dismissing a petition for writ of habeas corpus as moot because petitioner had died).

Germino v. Marshall, No. CIV S-08-3010, 2010 WL 5393907, at *1 (E.D. Cal. Dec. 21, 2010). A petition for writ of habeas corpus is moot when the petitioner has died. See Lockhart v. McCree, 476 U.S. 162, 168 n.2 (1986); McMann v. Richardson, 397 U.S. 759, 760 n.1 (1970).

Further, Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of adjudicative facts:

> (b) **Kinds of Facts that May be Judicial Noticed**.  The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> (1) is generally known within the trial court's territorial jurisdiction; or
>
> (2) can be accurately and readily determined from the sources whose accuracy cannot reasonably be questioned.
>
> (c) **Taking Notice**.  The court:
>
> (1) may take judicial notice on its own; or
>
> (2) may take judicial notice if a party requests it and the court is supplied with the necessary information.
>
> (d) **Timing**. The court may take judicial notice at any stage of the proceeding.

Here then, the court is taking judicial notice on its own of the results from the Westlaw Public Records, state death records database, search wherein petitioner William Michael Dalby is reported to have died on May 9, 2019, at a CDCR facility, the source of which is the California Department of Public Health - a source whose accuracy cannot be reasonably questioned.  See, e.g., United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)) ("Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute" & "Facts are indisputable, and thus subject to judicial notice, only if they either 'generally known' ...or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned"); see also Matter of Grand Jury Investigation of Targets, 918 F.Supp. 1374, 1380 (S.D.Cal. 1996) (Court could take judicial notice of fact that United States

1  Attorney's Office for Southern District of California has in excess of 75 attorneys, for purposes of
2  claim that one Assistant United States Attorney's disqualification from investigation on ethical
3  conflict of interest grounds required preindictment disqualification of entire office; such
4  information was readily available on Westlaw and in West's Legal Directory); Boone v. Menifee,
5  387 F.Supp.2d 338, 343 (S.D.N.Y. 2005) (habeas court was entitled to take judicial notice of
6  information on "prisoner locator" websites, such as those maintained by the Bureau of Prisons
7  and the New York State Department of Correctional Services), adopted report and
8  recommendation 2005 WL 2234031 (Sept. 13, 2005); U.S. ex rel. Dingle v. BioPort Corp., 270
9  F.Supp.2d 968, 971 (W.D. Mich. 2003) (public records and government documents, including
10 those available from reliable sources on the Internet, are subject to judicial notice), affirmed, 388
11 F.3d 209, cert. den., 544 U.S. 949.
12         Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of
13 habeas corpus be denied as moot as a result of his death on May 9, 2019.
14         These findings and recommendations are submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
16 after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties.  Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations.  Any response to the
19 objections shall be filed and served within fourteen days after service of the objections.  The
20 parties are advised that failure to file objections within the specified time may waive the right to
21 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
22 Dated:  September 10, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/dalb1169.157.kjn